## MARTIN v. HILL and Others.

### No. 7923; November 20, 1884.

#### 4 Pac. 1101.

**Contract.—Upon a Construction of the Agreement** which is the subject of the suit, judgment affirmed.

APPEAL from the Superior Court of the County of Marin.

E. S. Lippitt for appellant; A. W. Thompson for respondents.

ROSS, J.—Each of the parties to the agreement we are called upon to construe in this case was, at the time of its execution, in possession of a distinct portion of the Bojorques rancho, for the partition of which rancho an action of partition, entitled Gates v. Salmon et al., was then pending in one of the district courts of the state. Some of the parties to the agreement were holding under deeds from tenants in common of the rancho, purporting to convey the distinct par-

cels so possessed, and others of them were holding under deeds from tenants in common of the rancho, purporting to convey an undivided interest therein. The purpose of the agreement in question was to secure to the respective parties to it the portions of the rancho of which they were respectively in possession; and, lest it should turn out in the partition that their respective interests should not be sufficient to cover their respective possessions, it was determined to purchase, in the name of certain trustees, other and sufficient undivided interests in the rancho to carry out the wishes of the parties. The money required for such purchases was to be contributed by the parties to the agreement in proportion to the number of acres and value of the land included within their respective possessions. All is embodied in the agreement, as we read it. Omitting some of its contents not necessary to be stated, the agreement then proceeds:

"And it is further agreed that the title so acquired shall be used for and devoted to the purpose of quieting title to the said lands so in possession severally of the parties hereto, and for this purpose, and for all purposes under this agreement, it is stipulated that the parties hereto, known as claimants by 'special location,' shall be deemed and admitted to be, respectively, the owners in fee simple of the tracts of land described in their respective deeds under said special location, and that, for any lands in their possession not included within the lands described in their said deeds, they, and each of them, may purchase of the parties hereto, acting jointly as aforesaid, such title as may be requisite for their protection in and acquirement of title to the said lands, outside of the special locations or not included within said descriptions in the deeds, and the price to be paid therefor shall be at the rate per acre that the title by them so bought has cost in the original purchase of undivided interests in the whole rancho—the number of acres pertaining to the undivided interests so bought to be ascertained from the report of the commissioners in partition, without reduction by reason of special locations. And the parties claiming as tenants in common shall also have the privilege of buying in the same manner and at the same price as last above provided, whatever number of acres they may have in possession in excess of their present undivided interest in said rancho, as shown

by the report and survey of said commissioners in partition. And it is further agreed that all property, advantages, and profits derived from purchases made under this agreement shall belong to the parties hereto in proportion to their several contributions, and that none of the provisions of this agreement shall inure to, or in any way protect, any person not a party to these presents."

The plaintiff, who was a party to this agreement, was, at the time of its execution, the owner of an undivided interest in the rancho, and was in the possession of that portion thereof involved in the present action. He derived his undivided interest from one Walker, pending the partition suit, Walker retaining other interests therein. Subsequent to the agreement, and pending the partition action, the trustees named purchased certain undivided interests in the rancho for the purpose contemplated by the agreement, the money with which the purchases were made being contributed by the respective parties to the agreement in proportion to the number of acres and the value of the land embraced in their respective possessions. The plaintiff was not made a party to the action of partition after his purchase from Walker of an undivided interest in the rancho, but with respect to that interest the action was continued in the name of Walker; and in the final decree of partition there was awarded to Walker a portion of the rancho equivalent to the undivided interest conveyed by him to the present plaintiff, and to the undivided interest retained by him after that conveyance. The portion of the rancho so awarded to Walker did not include any portion of the tract actually possessed by this plaintiff, but the tract actually possessed by the plaintiff was, in and by the final decree in the action of partition, awarded to the trustees named in the agreement in question in lieu of the undivided interest in the rancho purchased by them pending the action of partition under and by virtue of the agreement, and with money contributed in accordance with its provisions. And the plaintiff brings this action to compel the assignee (with notice) of the trustees to convey to him the title to the portion of the rancho actually possessed by him at the time of the execution of the agreement, upon the payment by him, which he tenders, of a price at the rate per acre paid by the trus-

tees in their purchase of the undivided interests, in pursuance of the provisions of the contract.

It will be seen, therefore, that the case turns upon the construction to be placed on the agreement in question, the most material part of which has been hereinbefore quoted. If, under that agreement, the plaintifi could permit the undivided interest which he held in the rancho at the time of the execution of the agreement to be set off in the name of his grantor so as not to include any part of the land in his actual possession, and then claim to purchase the whole of the land so actually possessed by him from the trustees under the agreement, then the plaintiff should recover in the action. If, on the other hand, the purpose of the agreement was to enable plaintiff to obtain the title to such portion of the land actually possessed by him as his individual interest might prove insufficient to cover, then he should not succeed in the present suit. The latter we think the true construction of the agreement, and the judgment and order are therefore affirmed.

We concur: Sharpstein, J.; McKinstry, J.

I concur in the judgment: McKee, J.

I dissent: Thornton, J.